**Opinion issued August 6, 2026**



In The

# Court of Appeals

For The

# First District of Texas

———————————

**NO. 01-24-00945-CR**

**NO. 01-24-00946-CR**

———————————

**EX PARTE MARCUS TYRONE GRANT, Appellant**

---

**On Appeal from the 506th District Court**
**Waller County, Texas**
**Trial Court Case No. 24-08-19271 and 24-08019233**

---

**MEMORANDUM OPINION**

Appellant, Marcus Tyrone Grant, proceeding pro se is attempting to appeal from the denial of his pro se applications for writ of habeas corpus in each trial court cause number. We dismiss.

At the time appellant filed the two applications for writ of habeas corpus at issue here, he was not represented by counsel. Although the application were filed by appellant pro se, his appointed counsel argued the applications during a hearing held on November 4, 2024. The applications challenged the June 10, 2024 orders of commitment signed by the magistrate, ordering appellant placed in the Waller County Jail, after being charged with delivery of a controlled substance, penalty group 1, and to be held in jail unless he was gave a good and sufficient bond in the amount of $100,000.00. Appellant objected to this commitment order on the ground that it was insufficient to identify the person's position to have authority to issue the commitment order as the order did not specify the particular court. After hearing argument, the trial court orally denied the applications.

The clerk's records filed in these two appellate causes contained no written order denying appellant's applications. The Court requested supplemental clerk's records containing the trial court's orders denying appellant's applications for writ of habeas corpus. Supplemental clerk's records were filed but they did not contain written orders denying the applications.[1]

---

[1] In appellant's previous habeas appeals in appellate cause numbers 01-24-00988-CR and 01-24-00989-CR, this Court dismissed the appeal for lack of jurisdiction because there were no written orders denying appellant's applications for writ of habeas corpus. *See Ex parte Grant*, Nos. 01-24-00988-CR and 01-24-00989-CR, 2025 WL 920059, at *1 (Tex. App.—Houston [1st Dist.] March 27, 2025, no pet.).

2

Texas Rule of Appellate Procedure 31 requires a trial court clerk to prepare and certify a clerk's record when an appellant files a notice of appeal from an order in a habeas corpus proceeding. *See* TEX. R. APP. P. 31.1. An oral pronouncement is not an appealable written order in a habeas proceeding. *See Ex parte Wiley*, 949 S.W.2d 3, 4 (Tex. App.—Fort Worth 1996, no pet.) (dismissing appeal for lack of written order denying application for writ of habeas corpus). Absent a written order denying appellant's applications for writ of habeas corpus, we lack jurisdiction over these appeals. *See Ex parte Grant*, Nos. 01-24-00988-CR and 01-24-00989-CR, 2025 WL 920059, at *1 (Tex. App.—Houston [1st Dist.] March 27, 2025, no pet.).

Accordingly, we dismiss these appeals for lack of jurisdiction. We dismiss any pending motions.

**PER CURIAM**

Panel consists of Justices Caughey, Johnson, and Dokupil.

Do not publish. TEX. R. APP. P. 47.2(b).

3